IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WARREN C. FLOWERS**                                              **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 2:17-CV-118-KS-MTP**

**JEFF SESSIONS, ATTORNEY GENERAL**                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a Title VII case. The Court discussed its background in a Memorandum Opinion and Order entered on March 18, 2019. *See Flowers v. Sessions*, No. 2:17-CV-118-KS-MTP, 2019 WL 1246199 (S.D. Miss. Mar. 18, 2019). For the reasons below, the Court **denies** Plaintiff's Motion for Reconsideration [71]. The Court also **grants in part and defers ruling in part** on Defendant's Motion in Limine [68], as provided below.

### A.    *Motion for Reconsideration [71]*

Plaintiff argues that the Court should reconsider its earlier opinion dismissing his claims of racial discrimination and hostile work environment because there is new evidence available that creates genuine issues of material fact as to those claims.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60."

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [71] was filed on March 28, 2019, within twenty-eight days of the Court's Memorandum Opinion and Order [67] of March 18, 2019. Therefore, Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

First, Plaintiff has not presented any "new evidence not previously available." *Williamson Pounders*, 681 F. Supp. 2d at 767. Plaintiff knew of these witnesses and could have presented affidavits prior to entry of the Court's opinion. If they were

2

unwilling or unable to testify, Plaintiff could have issued subpoenas and deposed them. Instead, Plaintiff chose to rely on his own allegations in response [60, 61] to Defendant's Motion for Partial Summary Judgment [56]. As the Court previously noted, Plaintiff failed to offer any evidentiary support whatsoever for many of his factual claims. *Flowers*, 2019 WL 1246199 at *2-*4. Therefore, Plaintiff has not presented any new evidence that was previously unavailable, and he is not entitled to relief under Rule 59(e). *See Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 329 (5th Cir. 2017); *Granny's Alliance Holdings, Inc. v. Farrow Constr. Specialties, Inc.*, No. 1:11-CV-165-HSO-JMR, 2013 WL 12121497, at *3 (S.D. Miss. July 12, 2013); *Jordan v. Am. Suzuki Motor Corp.*, No. 2:07-CV-66-KS-MTP, 2007 WL 3231651, at *3-*4 (S.D. Miss. Oct. 30, 2007).

Regardless, three of Plaintiff's "new" witnesses – Jeffrey Artis, Kenrick Short, and Guy Walton – stated that Plaintiff "was discriminated against because of his race, retaliated against because of his reporting of discriminatory actions against him, and worked in a hostile workplace," without providing any specific facts in support of their conclusions. Exhibits A, B, C to Motion for Reconsideration, *Flowers v. Sessions*, No. 2:17-CV-118-KS-MTP (S.D. Miss. Mar. 28, 2019), ECF Nos. 71-1, 71-2, 71-3. Patricia Hudson used different words, but she likewise provided no specific facts in support of her conclusion that Plaintiff was subjected to a hostile work environment and retaliation. Exhibit D to Motion for Reconsideration, *Flowers v. Sessions*, No. 2:17-CV-118-KS-MTP (S.D. Miss. Mar. 28, 2019), ECF No. 71-4. None

of the witnesses described specific acts of discrimination or specific events that created a hostile work environment. Vague and conclusory affidavits do not create a genuine dispute of material fact. *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013). Therefore, even if the Court were to consider Plaintiff's "new" evidence, it would not change the result of Defendant's motion.

### B.    *Motion in Limine [68]*

The Government filed a Motion in Limine [68] seeking the exclusion of evidence concerning several issues. The Court will address them one at a time.

#### 1.    *KKK Comment*

First, the Government argues that the Court should exclude Plaintiff's testimony regarding an alleged comment about the Ku Klux Klan made by his training agent, Ronscka. The Government contends that the testimony is irrelevant to Plaintiff's remaining claim of retaliation, and that its probative value is outweighed by the danger of unfair prejudice if it is admitted. In response, Plaintiff argues that "[c]omments made to [him] regarding his co-worker's membership in the KKK are relevant to show racial biases throughout his workplace that fueled retaliatory actions against [him]." Plaintiff's Memorandum in Support of Response at 1, *Flowers v. Sessions*, No. 2:17-CV-118-KS-MTP (S.D. Miss. Apr. 1, 2019), ECF No. 76.

The Court discussed this testimony in its previous opinion. *See Flowers*, 2019 WL 1246199 at *3. The comment was made by Plaintiff's training agent, rather than

his former supervisor, Rachel Byrd, who allegedly retaliated against him after he complained of perceived racial discrimination. Moreover, to prove a claim of retaliation, a plaintiff must prove "(1) that she engaged in activity protected under Title VII, (2) an adverse employment action occurred, and (3) there was a causal connection between her protected activity and the adverse employment decision." *Gardner v. CLC of Pascagoula, LLC*, 915 F.3d 320, 327 (5th Cir. 2019). Racial bias is not an element of a retaliation claim. Rather, Plaintiff must prove that the Government's alleged adverse employment actions were motivated by Plaintiff's protected activity, such as filing a charge of discrimination with the EEOC. Therefore, evidence concerning the alleged "racial biases throughout [Plaintiff's] workplace" is irrelevant to his retaliation claim.

*2. Other Claims of Alleged Discrimination*

Next, the Government argues that the Court should exclude evidence regarding claims of discrimination by two white women. The Government contends that such evidence is inadmissible unless the accusers were similarly situated to Plaintiff and the alleged discrimination is of the same type claimed here. In response, Plaintiff argues that this evidence demonstrates a pattern of discrimination by Plaintiff's supervisor, Rachel Byrd.

First, the Court already dismissed Plaintiff's discrimination claim. All that remains is his retaliation claim, and, as noted above, racial bias is not an element of a retaliation claim. *Id.*

5

Regardless, to prove a "pattern or practice of discrimination" Plaintiff must establish "by a preponderance of the evidence that the impermissible discrimination was the company's standard operating procedure --- the regular rather than the unusual practice." *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000). "Anecdotes about other employees cannot establish" a pattern or practice of discrimination "unless those employees are similarly situated to the plaintiff." *Id.* The two proposed comparators are not similarly situated to Plaintiff because they are white women, while Plaintiff is an African-American man. Evidence that Byrd discriminated against two white women has no bearing on Plaintiff's claim that Byrd discriminated against him, an African-American man.

3. *Opinions*

Next, the Government argues that the Court should exclude certain lay opinions as to whether Plaintiff's supervisor retaliated against him in violation of Title VII. Rule 701 provides that lay witnesses can provide opinion testimony if the opinion is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Citing Rule 701, the Fifth Circuit has "permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances" in Title VII cases. *Hansard v. Pepsi-Cola Met. Bottling Co., Inc.*, 865 F.2d 1461, 1466

6

(5th Cir. 1989). But the Court will not admit "hearsay and speculation" masquerading as adequately supported lay opinion testimony. *Vance v. N. Panola Sch. Dist.*, 189 F.3d 470, 1999 WL 548772, at *1 (5th Cir. 1999).

The Court can not presently provide a ruling on this issue. Plaintiff presented affidavits from several purported lay witnesses in support of his Motion for Reconsideration [71], but the affidavits provided no factual support for the witnesses' conclusions. Moreover, the affidavits do not demonstrate that the witnesses' conclusions were rationally based on their own first-hand observations, and many of them address claims that are no longer before the Court. This is not fatal to Plaintiff's argument, as he can still lay the proper foundation at trial. But the Court will not admit any lay opinions that do not meet the requirements of Rule 701 and applicable Fifth Circuit precedent. The Court will defer ruling on this issue until trial, when it can hear what the witnesses have to say outside the presence of the jury and assess the foundation of their opinions.

4. *Theft Allegations*

The Government argues that the Court should exclude evidence that FBI officials accused him of stealing tires after he had been terminated. The Government argues that the testimony is irrelevant to the remaining retaliation claim, that it is hearsay, and that its unfairly prejudicial effect outweighs its probative value.

In the context of a retaliation claim, an "adverse employment action" is "an action that 'a reasonable employee would have found . . . to be materially adverse,

7

which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *McCullough v. Houston County, Tex.*, 297 F. App'x 282, 288 (5th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). The threat of criminal accusations after termination could certainly dissuade a reasonable worker from making or supporting a charge of discrimination. *See Rosas v. Balter Sales Co., Inc.*, No. 12-CV-6557, 2018 WL 3199253, *7 (S.D.N.Y. June 29, 2018); *Walsh v. Irvin Stern's Costumes*, No. Civ. A. 05-2515, 2006 WL 166509, *5-*6 (E.D. Penn. Jan. 19, 2006). Therefore, the Court finds that evidence that Defendant accused Plaintiff of stealing government property after his termination is relevant to Plaintiff's retaliation claim.

As for the Government's argument that Plaintiff's testimony on this issue constitutes inadmissible hearsay, the Court believes it best to evaluate the testimony at trial. The Court directs Plaintiff to notify opposing counsel and the Court before he intends to present evidence regarding this issue. The Court can then hear the testimony outside the presence of the jury, and the parties can argue the hearsay issue. Likewise, the Court reserves ruling as to the application of Rule 403 until it has heard Plaintiff's live testimony on this issue.

    5.    *Picture*

Finally, the Government argues that the Court should exclude evidence of a drawing on a white board in the office where Plaintiff worked. The Court discussed

8

this issue in its previous opinion. *Flowers*, 2019 WL 1246199 at *4. The Government contends that this issue is irrelevant to Plaintiff's remaining claim of retaliation. The Court agrees. Plaintiff contends that "this drawing tends to show the biases inherent in the workplace which led to retaliation against Flowers . . . ." Response [76], at 3. As noted above, racial bias is not an element of retaliation. Rather, Plaintiff must demonstrate that Defendant subjected him to an adverse employment action because of his protected activity. *Gardner*, 915 F.3d at 327. Even if testimony about the drawing were relevant to Plaintiff's retaliation claim, Plaintiff does not know who drew it or what motivated them. His attribution of the drawing to Defendant and divination of the artist's motive are based on nothing but conjecture and speculation.

## C. *Conclusion*

For these reasons, the Court **denies** Plaintiff's Motion for Reconsideration [71]. The Court also **grants in part and defers ruling in part** on Defendant's Motion in Limine [68], as provided above.

SO ORDERED AND ADJUDGED this 10th day of April, 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE